IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMAD MUNIR ANWARI, | : | Civil No. 3:17-cv-1512 |
| Petitioner | : | (Judge Mariani) |
| v. | : | FILED SCRANTON |
| CRAIG A. LOWE, | : | OCT 10 2017 |
| Respondent | : | PER _____ DEPUTY CLERK |

### MEMORANDUM

Petitioner, Mohammad Munir Anwari, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his continued detention by ICE pending removal. (*Id.*). Petitioner seeks release from custody. (*Id.*). Respondent indicates that if the Court enters an order directing an individualized bond hearing before an Immigration Judge, Respondent will coordinate with the Immigration Court to schedule a bond hearing as expeditiously as possible. (Doc. 3, p. 1). For the reasons set forth below, the Court will grant a writ of habeas corpus directing an Immigration Judge to conduct a bond hearing to determine if Petitioner is a flight risk or danger to the community.

I. **Background**

Petitioner, a native and citizen of Afghanistan, last entered the United States on April

5, 2006 as a refugee. (Doc. 3-1, p. 5, Notice to Appear).

On August 15, 2008, Petitioner was convicted of conspiracy to import and distribute, and conspiracy to possess with intent to distribute, one (1) kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 952(a), 959 and 963. (Doc. 3-1, p. 5, Notice to Appear). Petitioner was sentenced to one hundred fifty-one (151) months' imprisonment. (*Id.*).

On November 21, 2016, based on Petitioner's conviction, ICE commenced removal proceedings against him charging him as removable from the United States pursuant sections 237(a)(2)(B)(i) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for his violation of a controlled substance law and as an aggravated felon. (Doc. 3-1, p. 5, Notice to Appear). On January 4, 2017, the Bureau of Prisons released Petitioner into ICE custody. *See* https://www.bop.gov/inmateloc/.

On June 26, 2017, an Immigration Judge ordered Petitioner removed from the United States to Afghanistan. (Doc. 3-1, p. 6, Order of the Immigration Judge). The June 26, 2017 order also denied Petitioner's application for deferral of removal under Article III of the Convention Against Torture. (*Id.*).

On July 21, 2017, Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). (Doc. 3-1, p. 7, Filing Receipt for Appeal). The appeal remains pending before the BIA. (*Id.*).

On August 27, 2017, the Immigration Judge denied Petitioner's request for a change

2

in custody status due to lack of jurisdiction based on Petitioner's mandatory detention status. (Doc. 3-1, p. 8, Custody Decision).

II. **Discussion**

This Court has jurisdiction over Petitioner's habeas petition and his claims challenging his prolonged pre-final order detention by ICE at the Pike County Correctional Facility as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, the Court notes that Petitioner is not subject to a final order of removal, as the immigration proceedings remain pending. Thus, this Court is forced to address whether Petitioner is entitled to habeas relief in the nature of his release from the Pike County Correctional Facility pending the outcome of his immigration proceedings, or to order a bond hearing. Respondent indicates that if the Court orders an individualized bond hearing before an Immigration Judge, Respondent will coordinate with the Immigration Court to schedule a bond hearing as expeditiously as possible. (Doc. 3, p. 1).

Following Petitioner's conviction, there did exist a clear legal basis for ICE to detain him pending the outcome of removal proceedings. *See Diop v. ICE*, 656 F.3d 221, 230 (3d Cir. 2011). Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). However,

3

this "mandatory detention" provision has limits. See *Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011). The Courts have cautioned that the constitutionality of detention is, at least to some extent, a function of the length of detention. *Id.* Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532 (2003), emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.*

In *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit further examined excessive detention claims under § 1226(c). The Third Circuit held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States:

> beginning sometime after the six-month time frame considered by *Demore*, and certainly by the time [the alien] had been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. . . . [T]he underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized

4

evidence that [the petitioner's] continued detention was or is necessary. *Chavez-Alvarez*, 783 F.3d at 478.

Petitioner was taken into ICE custody on January 4, 2017, and has now been detained by ICE for nine (9) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *See Diop*, 656 F.3d at 231. Thus, the Court will direct that Petitioner be granted a bond hearing to ascertain whether the Immigration Court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. *See Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following *Diop*, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal

of removal was pending in the Immigration Court and the Board of Immigration Appeals. See Gupta v. Sabol, 2011 WL 3897964, *1 (M.D. Pa. 2011). The Gupta Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." Id. at *2. Thus, although this Court declines to grant the outright release of Petitioner in advance of a bond hearing, Petitioner's detention does require a bond hearing.

A separate order shall issue.

Date: October 10, 2017

Robert D. Mariani
United States District Judge