# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOHAMMAD MUNIR ANWARI, | Civil No. 3:17-cv-1512 |
| Petitioner | (Judge Mariani) |
| v. | |
| CRAIG A. LOWE, | |
| Respondent | |

## MEMORANDUM

Petitioner Mohammad Munir Anwari ("Petitioner"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenged his continued detention by ICE pending removal. (*Id.*). On October 10, 2017, the Court granted the habeas petition in part and ordered that Petitioner be afforded an individualized bond hearing before an immigration judge. (Doc. 6). Presently pending before the Court are Petitioner's motions (Docs. 8, 11) to enforce this Court's October 10, 2017 Order. For the reasons set forth below, the Court will deny Petitioner's motions to enforce.

I. **Background**

Petitioner, a native and citizen of Afghanistan, last entered the United States on April 5, 2006 as a refugee. (Doc. 3-1, p. 5, Notice to Appear).

On August 15, 2008, Petitioner was convicted of conspiracy to import and distribute,

and conspiracy to possess with intent to distribute, one (1) kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 952(a), 959 and 963. (Doc. 3-1, p. 5, Notice to Appear). Petitioner was sentenced to one hundred fifty-one (151) months' imprisonment. (*Id.*).

On November 21, 2016, based on Petitioner's conviction, ICE commenced removal proceedings against him charging him as removable from the United States pursuant sections 237(a)(2)(B)(i) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for his violation of a controlled substance law and as an aggravated felon. (Doc. 3-1, p. 5, Notice to Appear). On January 4, 2017, the Bureau of Prisons released Petitioner into ICE custody. *See* https://www.bop.gov/inmateloc/.

On June 26, 2017, an immigration judge ordered Petitioner removed from the United States to Afghanistan. (Doc. 3-1, p. 6, Order of the Immigration Judge). The June 26, 2017 order also denied Petitioner's application for deferral of removal under Article III of the Convention Against Torture. (*Id.*).

On July 21, 2017, Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). (Doc. 3-1, p. 7, Filing Receipt for Appeal). At the time Petitioner filed the habeas petition, the appeal was pending before the BIA. (*Id.*).

On August 27, 2017, the immigration judge denied Petitioner's request for a change in custody status due to lack of jurisdiction based on Petitioner's mandatory detention status. (Doc. 3-1, p. 8, Custody Decision).

This Court issued an Order on September 5, 2017, directing Respondent to show cause as to why the relief Petitioner requested should not be granted. (Doc. 2). In response, Respondent indicated that if the Court entered an order directing an individualized bond hearing before an immigration judge, Respondent would coordinate with the Immigration Court to schedule a bond hearing as expeditiously as possible. (Doc. 3, p. 1); see 8 C.F.R. § 1003.19(c) (providing that the immigration court has jurisdiction to hold such bond hearings and in light of its expertise in immigration law is the appropriate forum for such hearings).

Accordingly, the Court granted the petition and ordered an individualized bond hearing before an immigration judge, providing that "the immigration judge must make an individualized inquiry into whether detention is still necessary for purposes of ensuring that Petitioner attends removal proceedings and that his release will not pose a danger to the community," and that "the government bears the burden of presenting evidence and proving that continued detention is necessary to fulfill the purposes of the detention statute." (Doc. 6). On October 23, 2017, an immigration judge held a bond hearing. (Doc. 7-1). Following consideration of the evidence, the immigration judge denied Petitioner's request for a change in custody status. (*Id.*). In rendering his decision, the immigration judge observed that the burden of proof and persuasion rested on the Government and it had to carry that burden of proof by clear and convincing evidence. (*Id.*). The immigration judge found that

the Government met its burden of proof with regard to the question of whether Petitioner presented a danger to the community or, in the alternative, whether Petitioner is a flight risk. (*Id.*). The immigration judge ultimately found that Petitioner posed a significant flight risk, and denied his application for bond. (*Id.*).

## II. Discussion

In his instant motions, Petitioner requests that this Court set aside the bond denial decision by the immigration judge and either order Petitioner's release from imprisonment or, in the alternative, conduct a constitutionally adequate bond hearing. (Docs. 8, 11). In support, Petitioner argues that the immigration judge failed to comply with this Court's October 10, 2017 Order by not conducting an individualized bond hearing. (*Id.*). Petitioner advances that the immigration judge erroneously found that he was a flight risk. (*Id.*). Respondent counters that Petitioner must first exhaust his administrative remedies by filing an appeal with the BIA, and that Petitioner is not entitled to further habeas relief. (Doc. 9).

The Middle District of Pennsylvania has previously confronted the narrow issue presented by Petitioner's motions to enforce. In *Quinteros v. Sabol*, No. 4:15-cv-02098, 2016 WL 6525295 (M.D. Pa. Nov. 3, 2016), the court stated as follows:

> When a federal district court orders an immigration judge to conduct an individualized bond hearing as requested in a habeas petition, is it improper for the district court to retain jurisdiction for the purpose of conducting its own determination on the merits, prior to the petitioner exhausting his administrat[ive] remedies and the agency's decision becoming final? As a matter of both federalist principles and common-sense practicality, I consider

4

> it axiomatic that a federal court should not retain jurisdiction post-referral, but to the extent that it must, such review is necessarily limited to ensuring that the petitioner received the hearing he was owed in the first place. Accordingly, prior to satisfactory showings of exhaustion and finality, the district court should not revisit the merits of the immigration judge's determination. To do so would be premature and would otherwise disregard established constitutional bounds.

*Quinteros*, 2016 WL 6525295, at *1. The Court went on to provide that "an immigration judge's conducting an individualized bond determination . . . necessarily moot[s] an underlying habeas petition that solely requests such a hearing be held." *Id.*; *see Carmil v. Green*, 2015 WL 7253968, at *3 (D.N.J. Nov. 16, 2015) ("Petitioner has already received the sole relief available to him under *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)] and *Chavez-Alvarez* [*v. Warden York Cnty. Prison*, 783 F.3d 469, 475 (3d Cir. 2015)], a bond hearing, and as such his Petition would be moot and would warrant dismissal for that reason instead.").

In *Pierre v. Sabol*, No. 1:11-cv-2184, 2012 WL 291794 (M.D. Pa. July 17, 2012), the court addressed a petitioner's motion to reopen his § 2241 action after it was closed upon referral to an immigration judge to conduct a bond hearing. Petitioner requested that the immigration judge reconsider his bail amount, or release him from detention. *Id.* at *1. The court denied petitioner's requests. *Id.* First, the court noted that the petitioner received the relief he requested, a hearing before an immigration judge, *citing Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011), for the proposition that a "district court has authority to

5

determine if there has been compliance with its earlier habeas order but acted properly in refusing to review the [immigration judge's] refusal to grant bond when the government complied with the habeas order by holding a hearing." *Id.*

Second, the court found that petitioner failed to exhaust his administrative remedies. The court stated that it could not consider petitioner's request for relief until he had exhausted his administrative remedies by appealing the bond decision to the BIA. *Id.*; *see Leonard*, 646 F.3d at 1160-61 (holding that petitioner failed to exhaust administrative remedies when he did not appeal the immigration judge's bond determination to the BIA before seeking habeas relief in district court); *Chajchic v. Rowley*, No. 1:17-cv-00457, 2017 WL 4401895, *3 (M.D. Pa. July 25, 2017), *adopted by*, *Chajchic v. Rowley*, No. 1:17-cv-457, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017) (providing that "aliens who receive a bond hearing before the immigration judge" are required to "exhaust their administrative remedies and raise any issues with the BIA prior to seeking federal habeas corpus relief").

The rule favoring exhaustion of administrative remedies as a prerequisite to the consideration of habeas corpus petitions acknowledges the deference which should be afforded to agency decisions, and fosters important institutional goals, including: "(1) allowing the appropriate agency to develop a factual record and apply its expertise[, which] facilitates judicial review; (2) permitting agencies to grant the relief requested[, which] conserves judicial resources; and (3) providing agencies the opportunity to correct their own

errors[, which] fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).

In the present matter, Petitioner has failed to exhaust his administrative remedies through an appeal of his bond decision to the BIA. Despite Petitioner's failure to exhaust, the Court nonetheless finds that there was compliance with its earlier Order, in that Petitioner received an independent and adequate bond hearing before the immigration judge. *See Quinteros*, 2016 WL 6525295, at *1; *Leonard*, 646 F.3d at 1161.

When reviewing a bond determination by an immigration judge following an order referring a case for individualized bond consideration, this Court's review is limited to three essential considerations: (1) whether the decision of the immigration judge paid full fidelity to the law of the case; (2) whether there has been no plain legal error by the immigration judge in identifying and applying the controlling legal precepts; and (3) whether the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. *Chajchic*, 2017 WL 4401895, at *4-5.

As to the first consideration, the Court is satisfied that the bond hearing was in compliance with its October 10, 2017 Order, and in accordance with the law of the case. In rendering his decision, the immigration judge considered the representations of the Government and Petitioner. (Doc. 7-1). The immigration judge did not deny Petitioner bond because he was a danger to the community, but because he posed a significant flight risk.

7

(*Id.*). With regard to Petitioner's risk of flight, the immigration judge asked him what other relief was available for him to stay in the United States. (Doc. 8, p. 8). Petitioner acknowledged that while the removal order is on appeal, Petitioner was still found to be subject to removal by an immigration judge and was denied all relief. (*Id.*). Petitioner contends that because his appeal is still pending before the BIA, he is more likely to prevail in his immigration case. (*Id.*). However, if his appeal is denied by the BIA, he would be removed from the United States to Afghanistan. (*Id.*). Thus, the immigration judge found that he posed a "significant" flight risk. (Doc. 7-1). While Petitioner "may be dissatisfied with his individualized assessment, it cannot be said that the immigration judge did not follow the law of the case, [ ] as prescribed by this court and conduct an individualized bond hearing." *Chajchic*, 2017 WL 4401895, at *4.

In considering the second factor, this Court finds no plain legal error by the immigration judge in identifying and applying the controlling law. As noted above, the immigration judge correctly noted that the burden of proof and persuasion rested on the Government and it had to carry that burden of proof by clear and convincing evidence. (Doc. 7-1). The immigration judge found that the Government met its burden of proof, by clear and convincing evidence, that Petitioner was a flight risk. (*Id.*). Because the immigration judge properly articulated the legal standard, the Court finds no legal error in this case.

Finally, in considering the third factor, the Court does not find that the immigration judge's exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. When reviewing a discretionary denial of bond, the degree of arbitrariness necessary to state a constitutional claim is striking and the petitioner "bears the burden of showing that there is no rational basis in the record for the denial of bail." *Martin v. Diguglielmo*, 664 F. Supp. 2d 612, 621 (W.D. Pa. 2008) (quoting *Finetti v. Harris*, 609 F.2d 594, 601 (2d Cir. 1979)). Indeed, "federal courts do not sit as appellate courts to review the use or abuse of discretion of [other] courts in the granting or denying of bail," but rather, the "burden is on [the] petitioner to show that the record is devoid of a rational basis for the denial." *Gorton v. Marsteller*, 545 F. Supp. 994, 997-98 (D. Kan. 1982) (internal citations omitted); *Colavita v. Pennsylvania*, 2009 WL 616649, at *4 (E.D. Pa. Mar. 6, 2009) ("To sustain a federal claim, a petitioner must demonstrate the denial of bail was arbitrary or without any rational basis."). The Court finds that the immigration judge's discretionary decision to deny bond to Petitioner was rational. Accordingly, because the immigration judge's conclusions were rational and not arbitrary or without rational basis, the Court will deny Petitioner's motions to enforce.

## III. Conclusion

For the reasons set forth above, Petitioner's motions (Docs. 8, 11) to enforce will be denied.

9

A separate Order follows.

Dated: May __7__, 2018

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge